HANSON, Respondent, v. HARRIS, Appellant.

(183 N. W. 115.)

(File No. 4842.   Opinion filed June 2, 1921.)

**Appeal—Amending Settled Record—Proceedings Re Improper Conduct Defendant's Attorney and Juror, Irrelevancy of to Issue— Amendment Denied—Point Distinguished.**

Where plaintiff had recovered judgment, and defendant- appellant moves in Supreme Court to amend settled record, by having incorporated therein certain affidavits and procedure had before trial court in contempt procedure, involving alleged improper conduct by defendant's attorney and one of the jurors in relation to the trial below, such motion will be denied, the matter proposed to be brought into settled record being wholly immaterial and foreign to any issue involved on appeal. Were plaintiff here seeking new trial on ground that verdict in his favor was too small, then such matter might be ground for granting new trial.

Appeal from Circuit Court, Roberts County. Hon. FRANK ANDERSON, Judge.

Action by Iver Hanson, against H. G. Harris. From a judgment for plaintiff, and from an order granting a new trial, defendant appeals. On defendant-appellant's motion to amend settled record. Motion denied.

*Batterton & Bunde, E. J. Turner,* and *Geo. S. Rix,* for Appellant.

*Howard Babcock,* and *C. R. Jorgenson,* for Respondent.

McCOY, J. Motion to amend the settled record by having incorporated therein certain affidavits and procedure had before the trial court in contempt procedure, wherein it was contended that one of the attorneys for the defendant and one of the jurors on the trial below had been guilty of improper conduct in relation to the trial of said case. It appears from the record that verdict and judgment were rendered in favor of the plaintiff. We are of the view that this motion to amend the settled record should be denied. The matter which it is proposed to incorporate and include in the settled record by this motion is wholly immaterial and foreign to any issue that might be involved on the appeal. The plaintiff is not appealing, nor making any objection to the verdict or judgment as rendered. If the plaintiff was here seeking a new trial by reason of the fact that plaintiff was of the view that the verdict in his favor was smaller than it should have been, then such matter sought to be included in the settled record might be ground for granting a new trial. But it is the defendant who is appealing and seeking a new trial, which can only be determined on the record as disclosed by the settled record as it already exists.

For these reasons the motion to amend the settled record should be denied. ·